Good morning, Your Honor. It's Theodore Green, appearing for Damon Gadsden. Your Honor, in reviewing a decision on denial of relief under section 404 of the First Step Act, the court applies an abuse of discretion standard, and in applying that standard in the context of sentencing decisions, one of the issues is whether the court relied on a factor that it either shouldn't have relied on or relied on a factor too much, in other words, assigned too much weight to that factor. Now, in the decision denying relief under the First Step Act at page 660 of the appendix, the court prominently featured a remark made by the it predicted that it would not impose any further sentencing reduction in the event that that came to pass, that a new sentencing proceeding came to pass. And the prior judge, Judge Robinson, did remark specifically on the prospect of the Congress someday equalizing the it also used more general language, stating that they wanted to make clear that, quote, this is the absolute bottom under any scenario that I can envision, including Congress passing a bill making the powder versus crack cocaine ratio one to one. And the court in 2019 in deciding the First Step motion referenced two facts that it was specifically relying on in denying relief. One of them was the fact that the sentence was below guideline, even under the revised guideline that would have been called for under the later amendments to the sentencing guidelines. Can I understand your argument a little bit clearer? Sure. Are you arguing that Judge Preska was not allowed to consider Judge Robinson's statements and Mr. Gadsden's below guideline sentence? Or is it your view that Judge Preska put too much weight on these factors? I'm arguing both in the alternative or maybe together. We feel that this was not a factor that the court permissibly could rely on because it really was not a statement that was part of the sentencing analysis that was subject to the adversary process at the first sentencing. Although Judge Robinson did reference one specific turn of events, such as the equalization of the crack versus cocaine ratio, he made clear that he was making a much more general statement about his belief that he would not reduce the sentence under any scenario. But is there any suggestion that Judge Preska viewed the comments as binding? Well, I'm not sure. Well, I think the court certainly viewed them as highly persuasive because it relied on them. But so I think when a court impermissibly relies on a factor, I'm not sure if they have to conclude that the factor is binding on them. Let me ask you why this was impermissible. I just need to understand your argument on that. Yeah. Okay. Right. I mean, here you have a prior district judge who has presided over the trial and has sentenced the defendant twice, has given a great deal of thought to the sentence. And then when counsel argues in the second sentencing that he says, the judge says, look, I can't go below 262. That would be inappropriate under any set of circumstances. Why isn't the subsequent judge doing her job when she pays attention to a decision or gives some weight to a decision by a prior judge who presided at the trial and has been involved in this case deeply for a long period of time? Well, I'm guided by the way that this court in reviewing sentencing issues views predictions by sentencing courts as to what they might do in the event of a resentence. Usually those kind of predictions carry weight when they are with respect to a specific litigated issue, usually a guideline issue. And the reason I think that's appropriate, or at least to an some issue that's been tested by the adversary process and a record is made, the facts and circumstances surrounding that prediction are in the record and they're set in stone, so to speak. Here we have a defendant who is being facing the seeking a resentence nine years after the original they're not set in stone. A decade has gone by where Mr. Gadsden is continuing to live his life and to grow old and go from a man in his early 30s to a man in his early 40s. So at a minimum, our position is that the district court attached undue weight, assigned too much weight to the factor, even if it were permissible for the court in some way to take note of it, which we don't concede. But certainly the way this decision was made with prominently featuring Judge Robinson's language and quoting from it extensively, and then specifically relying on that as a factor in denying relief, that was at a minimum assigning too much weight to it because it doesn't take into account all of the circumstances that followed over the next nine years. Correct me if I'm misunderstanding. I read you to argue that district courts are required to 504. But section 504 says nothing about requiring hearings. And I believe that every circuit to have addressed that issue has said that hearings are not a prerequisite. Okay. Well, as an initial matter, I don't think the issue of whether the court unduly relied on this factor of Judge Robinson's remark necessarily means that the court has to hold a hearing where evidence is taken. But I do believe that it merits a remand because of the undue weight that was attached to it. On the question of whether... I have a question that I want to get to. And you can... What is the maximum statutory maximum that the defendant could face here? Do you know? Well, I believe... I mean, it's way above 262 months, isn't it? I mean, even the guideline could be higher. I know the minimum changed as a result of the First Step Act applying... I'm not talking about the minimum. I'm talking about the maximum. I'm talking about... What you want here is a resentencing, right? Well, what we're asking for is, at a minimum, is a... What was before the district court was a motion for relief under the First Step Act. So we are asking for a remand for de novo reconsideration of that motion and a ruling that the factors that we are contesting here were either not permissible or too much weight was assigned to them. And so that... Are you seeking, ultimately, a resentencing? Well, we're seeking a imposition of a reduced... Yes, we're seeking imposition of a reduced sentence under the... You're seeking imposition of a reduced... Is there anything to prevent the district court, upon closely examining this case, from increasing the sentence? I don't believe that that's authorized by the First Step Act. I think that the relief that's permitted is imposition of a reduced sentence. Are you sure about that? Because you're asking, basically, for a decision by Judge Presco on this case, and who knows whether... What she might do if she feels that this sentence was too low. She might just say, I'm ordering a resentencing. Come back in 60 days. I want an update. I want to find out what he's been doing in prison. I want to find out everything. I'm going to resentence this defendant. And then she'd decide, maybe resentence him to 400 months. That is a possibility here. It seems to me. Well, again, I think it comes back to the issue of whether... How Judge Presco chooses to exercise her discretion. But my understanding of the First Step Act is that it's a vehicle for... My concern is that in bringing this appeal, you may not have had this discussion with your client, that there could be a possibility that she could increase it. And therefore, I just worry about that. That's all. I understand. But it was my understanding that the intent of the First Step Act in Section 404 was to permit defendants to apply for imposition of a reduced sentence. So I can't answer the court's question to the court. You don't have to. I'm just raising it. Yeah. Okay. You'll have time in rebuttal. We'll hear from your adversary. Okay. Good afternoon. May it please the court, Rashmi Bhaskaran on behalf of the United States. The First Step Act gives certain defendants the opportunity to seek a reduced sentence, but not a right. Even if a defendant is eligible for relief under the First Step Act, the statute does not require a court to reduce the defendant's sentence. Whether and to what extent the sentence ought to be reduced for an eligible defendant is a matter of the district court's sound discretion. And this court will only overturn such decisions where there has been an abuse of discretion. Here, Judge Pruska declined to further reduce a sentence that was 62 months below the bottom end of today's guidelines. This exercise of discretion was not an abuse of discretion, and it fell well within the range of permissible sentencing decisions. In reaching this decision, Judge Pruska had before her a substantial record, which included, among other things, the defendant's disciplinary, educational, and work records, the sentencing transcripts from 2007 and 2010, which set forth Judge Robinson's analysis of the 3553A factors, and briefings from the parties. And in declining to further reduce the defendant's sentence, Judge Pruska made clear the reasons that informed her exercise of discretion. First, she gave credit to the defendant's exemplary record while incarcerated, notwithstanding the government's contention that the defendant's defense conduct was violent. Second, she invoked and then she adopted Judge Robinson's assessment that a sentence below 262 months would not be reasonable for Mr. Gadsden. Adopting that reasoning was certainly reasonable and definitely not an abuse of discretion. Indeed, Judge Robinson had deep familiarity with the defendant, having presided over his trial and prior sentencing. And finally, Judge Pruska noted that the defendant's existing sentence was 62 months below the bottom end of the now applicable guidelines. Accordingly... Could you address the question of whether a hearing was required or whether Mr. Gadsden was entitled to a hearing on whether his motion should be proposed? Certainly, Your Honor. With respect to Mr. Gadsden's request for what appears to be a plenary resentencing or a hearing, the government submits that that request is proposed by the court's decision in United States v. Moore, which held that a plenary resentencing is not required or authorized by the First Step Act. Accordingly, Your Honor, the government submits that Judge Pruska... Counselor Judge Walker, there could be something in between a plenary resentencing and what Judge Pruska did here. There could be a hearing on the applicability on the application of the First Step Act in this case and why there should be a reduction. That's a separate matter. And is there anything in the First Step Act that you know of that requires a hearing or there's nothing in the First Step Act that appears to authorize or at least require a hearing of any sort in determining whether to reduce a sentence? And as the court held in Moore, the district court retains broad discretion to determine which factors are relevant in determining whether and to what extent to reduce a sentence. Unless there are any further questions from the court, the government will rest on its submission. Thank you. We'll hear from Your Honor. Thank you, Your Honor. Yes, I think I'm reading correct from a correct version of the First Step Act here. It says that a court that imposed a sentence for a covered offense may on motion of the defendant impose a reduced sentence as if Sections 2 and 3 of the Fair Sentences Act were in effect at the time the covered offense was committed. My understanding is that the discretion afforded the court is only to reduce the sentence. That's always my assumption. Now, in terms of what the court might do on remand, you know, it's our position that the at best unduly relied on Judge Robinson's prior comment and that it should be sent back for reconsideration of the motion. Now, whether that involves a hearing or calling an offendant in for resentencing or whatever, at a bare minimum, we think the court should have to reconsider the sentence with instructions that too much weight, at a minimum, too much weight was assigned to the prior comment of Judge Robinson, given that it was only a prediction that was not tied to any litigated issue in the case and the passage of time and the intent of Congress to afford defendants an opportunity to have their sentences revisited under the First Step Act. Unless there's further questions, I'll rely on the papers that are submitted. Okay. Thank you.